**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-30233 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 6:15-cr-00011-CCL-2 |
| JOSEPH LEE ELDABAA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted October 5, 2017**
Seattle, Washington

Before:  LIPEZ,*** WARDLAW, and OWENS, Circuit Judges.

Joseph Lee Eldabaa ("Eldabaa") appeals his conviction based on the district

court's denial of his motion to suppress evidence obtained during an investigatory

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

traffic stop and statements made to law enforcement officers while in custody. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1. The district court correctly concluded that, given the "totality-of-the-circumstances," *Illinois v. Gates*, 462 U.S. 213, 238 (1983), there was reasonable suspicion to believe that participants in the drug conspiracy were in the truck the officers stopped. *See id.*; *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Contemporaneous information from a reliable confidential informant indicated that Eldabaa's co-defendant Joe Jayne would be found in the truck. *See United States v. Rowland*, 464 F.3d 899, 907–08 (9th Cir. 2006) ("Courts look to several factors to determine the reliability of an informant's tip" including: whether it was a known informant; whether the informant has provided accurate information in the past; and the basis of knowledge of the informant's tip.). Accordingly, the evidence that was obtained as a result of that stop was untainted.

2. The district court correctly held that the agents did not engage in an illegal two-step interrogation in violation of *Miranda v. Arizona*, 384 U.S. 436 (1996), because Eldabaa was not subject to interrogation prior to being Mirandized. Interrogation is limited to "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." *Rhode*

2

*Island v. Innis*, 446 U.S. 291, 301 (1980). The officers here merely provided an introductory overview of the investigation, which was nothing more than words or actions "normally attendant to arrest and custody," *United States v. Moreno-Flores*, 33 F.3d 1164, 1169 (9th Cir. 1994), and Eldabaa spontaneously interrupted that overview. Accordingly, the statements made by Eldabaa were also admissible.

3.      The district court also correctly held that Eldabaa's confessions were voluntary because there was no evidence that his will was overborne by the circumstances surrounding his confession and it was not the product of improper law enforcement coercion. *Dickerson v. United States*, 530 U.S. 428, 433–34 (2000). The officers spoke in calm, non-threatening tones with no other signs of coercive behavior, the interview was relatively brief, the interview room was unremarkable, Eldabaa was mature and familiar with law enforcement proceedings, Eldabaa was in good physical and mental condition, and Eldabaa was accustomed to exercising independent judgment by virtue of his age. These factors all indicate that Eldabaa's confessions were voluntary.

**AFFIRMED.**